UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jose Montero-Martinez,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No. 2:25-cv-02391-CDS-DJA

**Order Granting the Petitioner's Amended Petition for Writ of Habeas Corpus**

[ECF No. 11]

Petitioner Jose Montero-Martinez entered the United States in 2020, seeking asylum from Cuba. Am. pet., ECF No. 11. His asylum application was denied, but no final order of removal has been issued. *Id.* at 2; ECF No. 1-1. He was previously granted release on a $10,000.00 bond under 8 U.S.C. § 1226(A). IJ order, ECF No. 13-3. An immigration judge (IJ) revoked that bond based on ICE's incorrect assertion that Montero-Martinez had been arrested for driving under the influence (DUI) in Salt Lake City on May 21, 2025. *Id.* The fact of the matter is that Montero-Martinez was arrested in Las Vegas on May 21, 2025, for minor traffic violations. ECF No. 11 at 5; ECF No. 12-2. Utah court records confirm that he was never charged with any offenses in that state. Thus, the Salt Lake City DUI arrest is demonstrably false.

Montero-Martinez filed an amended petition for writ of habeas corpus asserting, among other things, that his due process rights were violated because the IJ revoked his bond based on materially false information—that is, that the DUI arrest that never took place. ECF No. 11. The petition is fully briefed. *See* Resp., ECF No. 13; Reply, ECF No. 14.

On March 9, 2026, this court held a hearing on the petition. *See* Mins., ECF No. 16. At the hearing, counsel for the respondents did not offer any evidence corroborating the purported DUI arrest or provide any insight as to why the IJ relied on it when revoking Montero-Martinez's bond. Indeed, the bond memorandum submitted by the respondents states that "[d]ue to the

respondent's criminal history and coupled with his second arrest for DUI and the disregard for the traffic laws, the Court finds that he is a repeat criminal offender and that he shows contempt for the state(s) traffic laws. The court may properly consider any unfavorable evidence of an alien's conduct, including arrests that did not ultimately result in conviction." ECF No. 13-3 at 3. The memorandum also states:

> "The Court notes that the Respondent has twice been arrested for DUI, while released on bond. The Court observes that the respondent did not learn from his first conviction for DUI because he has been arrested again for the same offense. Drunk driving is an extremely dangerous crime, which creates a risk to the lives and property of residents and citizens of Nevada. See Begay v. United States, 553 U.S. 137, (2008). Therefore, the Court gives greater weight to the respondent's criminal history than the other factors in assessing the respondent's dangerousness to the community. Finally, it is clear to the court that he has not stopped drinking alcoholic beverages because he has been arrested for another DUI charge."

*Id.* It is therefore undisputed that Montero-Martinez's bond would not have been revoked absent his supposed DUI arrest in Salt Lake City. Given that the Ninth Circuit has recognized one of the "most pertinent" factors at custody redeterminations to be an "alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses," it is clear that Montero-Martinez is entitled to bond redetermination based on truthful and complete information about his criminal activity—or rather, a lack thereof. *See Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011).

Because Montero-Martinez's bond was revoked based on materially false information, I find that his right to due process was violated. So I grant his amended petition in part.

IT IS HEREBY ORDERED that the amended petition for writ of habeas corpus **[ECF No. 11] is GRANTED** as to Claim 1 and denied without prejudice as to Claim 2.

IT IS FURTHER ORDERED that the petitioner must be released on the same conditions as his 2020 bond.[1]

---

[1] Because he is entitled to relief on claim one, I decline to consider claim two on the merits and deny it without prejudice.

IT IS FURTHER ORDERED that, if the immigration court decides that a redetermination of his bond hearing is necessary, then Montero-Martinez must receive a new hearing before an IJ that accounts for the correct and complete information about his criminal history.

IT IS FURTHER ORDERED that the petitioner must be released from custody by 5:00 p.m. on March 10, 2026. The respondents should provide the petitioner's counsel information about the approximate time of petitioner's release as soon as predictable.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than March 16, 2026, advising the status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: March 9, 2026

_____
Cristina D. Silva
United States District Judge

3